THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFTON RAY OLIVER,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL HOTEL GROUP, et al.,<br><br>Defendants. | CV 14-00084-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Clifton Oliver brings this action seeking monetary compensation for Defendants' violations of his federal constitutional rights which allegedly occurred during the course of an investigation and arrest of Oliver by state law enforcement officials for promoting prostitution. The Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Oliver's claims under 42 U.S.C. § 1983. Oliver also advances numerous claims under state law, invoking the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## I. Statement of the Case

### A. Procedural History

After screening the case pursuant to 28 U.S.C. § 1915(e)(2), the Court issued an order requiring Oliver to show cause why this matter should not be

dismissed for failure to state a claim. (Doc. 14.) The Court found that Oliver did not state a plausible section 1983 claim against the private individuals named as defendants because they were not acting under color of state law, nor in joint participation with the state law enforcement officers named as defendants. (Doc. 14 at 7-10.) Further, the Court determined that Oliver's claims against the law enforcement Defendants appeared to be barred by the doctrine of collateral estoppel. A review of the transcript of the change of plea hearing in the state criminal proceedings indicated that Oliver may have unsuccessfully litigated the issue of whether probable cause existed for his arrest in a suppression hearing. But Oliver was allowed an opportunity to show cause why the claims against the law enforcement Defendants should not be recommended for dismissal on the basis of collateral estoppel.

In response, Oliver argues that the issue of probable cause was not litigated in the state court proceedings and therefore he is not barred by the doctrine of collateral estoppel from bringing these claims in this action. Oliver presents evidence that the only issue decided by the state court was whether or not certain text messages should be suppressed and/or the matter dismissed because some of the text messages had allegedly been erased. The state court denied Oliver's motion to suppress finding that "no witness presented any affirmative evidence

that such text messages ever existed at the hearing." (February 7, 2014 Order, Doc. 15-1 at 5:19-21.)

In addition, Oliver argues that he is making a judicial deception claim based on *Franks v. Delaware*, 438 U.S. 154 (1978) claiming that the Defendant law enforcement officers provided false information in their application for a body wire warrant, an issue he also asserts was not litigated in the state court proceedings.

Out of an abundance of caution, the Court will assume, for purposes of this order, that collateral estoppel does not apply and will address Oliver's individual allegations.

**B. Parties**

In the text of his Complaint, Oliver names the following employees of the Missoula Staybridge Suites as Defendants: Jon Bernthal (General Manager), Kathleen Giffin (Sales Director), Michael Pritchett (Desk Clerk), Bailey Ramsted (Desk Clerk), and John Doe Corey (Desk Clerk). (Doc. 2 at 5-6.) International Hotel Group (Staybridge Suites) is listed as a Defendant in the case caption. (Doc. 2 at 1.) These Defendants will be collectively referred to as the "Hotel Defendants."

Oliver also names the following City of Missoula law enforcement officers

3

as Defendants in the text of his Complaint: Guy Baker, Geoff Curtis, Sean Manraksa, Officer Blakely, and Officer Kaneff. (Doc. 2 at 6.) Oliver lists the City of Missoula Police Department as a Defendant in the case caption. (Doc. 2 at 1.)

C. **Allegations**

Oliver checked into the Staybridge Suites in Missoula, Montana on February 2, 2012. He alleges that within minutes of his arrival, Defendant Giffen called 911 and reported that she had seen a female in the car with Oliver smoking a "crackpipe." According to Oliver, law enforcement officers, believing that Oliver and his companion, Alida Lattimore, were engaged in prostitution responded to the 911 call by obtaining a body wire warrant in order to conduct a sting. Oliver alleges the hotel staff cooperated with the investigation by providing officers with information about Oliver from the Hotel's business records. Oliver and Lattimore were arrested later that evening for promoting prostitution.

Oliver advances twelve claims for relief: (1) Fourteenth Amendment deliberate fabrication of evidence; (2) falsified body wire search warrant; (3) false arrest/unlawful incarceration; (4) assault based upon the unlawful arrest; (5) negligence against the Hotel employees; (6) abuse of process for false warrant affidavit; (7) breach of contract against the Hotel Defendants; (8) invasion of privacy; (9) malicious prosecution; (10) intentional/negligent infliction of

4

emotional, physical, and mental distress; (11) slander and libel; and (12) loss of consortium.

**II. Preliminary Screening of the Allegations of the Complaint**

Pursuant to the federal statute governing proceedings in forma pauperis, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. *Id.*

**A. The Federal Claims against Hotel Defendants (Counts 5, 7)**

The Court previously determined that Oliver's Complaint fails to state a viable section 1983 claim against the private individuals. (November 14, 2014 Order, Doc. 14.) Although Oliver advances additional arguments regarding these individuals in his response to the show cause order, he still fails to state a viable claim against these individuals.

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a deprivation of a constitutional right, and (2) that the deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48

(1988). A plaintiff may establish that a private individual or entity acted under color of state law by showing that the private party conspired with or engaged in joint action with a state agent. *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

In his response, Oliver emphasizes the following: (1) Detective Baker and Staybridge Suites General Manager were friends for over ten years; (2) Detective Baker has workshops with law enforcement agencies at the Staybridge; (3) During the investigations of two black males for promoting prostitution in November 2011 through February 2012, Staybridge employees were interviewed by Detectives and advised to be on the look out for black men, from out of town, paying in cash, and accompanied women; (4) that because of this contact with law enforcement, hotel employees intended to assist law enforcement efforts and started profiling black, out of town guests; (5) employees were directly or indirectly encouraged by law enforcement to conduct an illegal seizure of Oliver's phone number in a "ruse" to update a disconnected phone number listed in his hotel registration, but then gave the phone number to enforcement to conduct what Oliver alleges to be an illegal search through internet websites; (6) employees had no interest in Oliver prior to contact with law enforcement officials in regards to black men and promoting prostitution. (Doc. 15 at 13-14.)

6

Most of these allegations are identical to those raised in Oliver's Complaint. But as discussed in the Court's prior order, these allegations amount to nothing more than a description of private individuals making statements to the police.

Oliver suggests that the Hotel Defendants violated his Fourth Amendment rights by asking him for his phone number for the purpose of providing it to the police. He argues that the Fourth Amendment prohibits private individuals who are acting as instruments or agents of the government from unreasonably intruding upon another person's privacy rights. (Response, Doc. 15 at 14 *citing United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994). Asking a potential hotel guest for his phone number, however, is not a search or invasion of one's privacy rights – the guest may simply decline. And as previously pointed out, hotel "guests lack any privacy interest of their own in the hotel's records." *Patel v. City of Los Angeles*, 738 F.3d 1058, 1062 (9th Cir. 2013) *citing U.S. v. Cormier*, 220 F.3d 1103, 1108 (9th Cir. 2000). The information in the Hotel's business records is the Hotel's private property in which Oliver possesses no reasonable expectation of privacy. *Id.*

Oliver's allegations simply are insufficient to plausibly assert a conspiracy claim against these private individuals. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056 (1990) ("merely complaining to

7

the police" or "executi[ng] a sworn complaint which forms the basis of an arrest" does "not convert a private party into a state actor") (citations omitted).

Because Oliver fails to allege a plausible section 1983 claim against the Hotel Defendants, Counts 5 and 7 against these Defendants should be dismissed.[1]

### B. Claims Predicated upon the Search Warrant Application (Counts 2, 6)

The majority of Oliver's response is focused on alleged false statements or omissions in the February 2, 2012 Application for Search Warrant. This warrant application sought a search warrant for the purpose of affixing an electronic transmitting device and recorder to Undercover Officer Curtis to monitor and record conversations between Curtis and third parties, including Oliver and "Sunrae" (aka as Alida Lattimore).

There is no allegation or suggestion that Oliver was ever in contact with Curtis while he was wearing the voice recorder or that his voice or activities were

---

[1] To the extent Oliver has raised state law claims against these private defendants, Oliver invokes the Court's supplemental jurisdiction over these claims under 28 U.S.C. § 1367. However, as the Court is recommending the dismissal of the federal claims over which it had original jurisdiction pursuant to 28 U.S.C. § 1331, the supplemental jurisdiction statute gives grants the Court discretion to dismiss the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Oliver's federal claims should be dismissed against the private defendants at this early stage in the litigation, the Court should decline to exercise supplemental jurisdiction over any state law claims Oliver has raised against these private defendants.

8

ever recorded from the body wire worn by Curtis. Rather, he complains about Curtis's recording of his conversation with "Sunrae" and perhaps other third parties.

A person may not vicariously assert the Fourth Amendment rights of another person. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) ("[T]he general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights."). Since Oliver did not have an individual expectation of privacy in any recording obtained from the body wire worn by Curtis, he fails to state a claim upon which relief could be granted to him related to the allegedly defective search warrant application.

### C. City of Missoula

Although Oliver listed the City of Missoula Police Department as a Defendant in the case caption (Doc. 2 at 1), he advances no substantive allegations against that entity in the body of his Complaint. Accordingly, this Defendant will be recommended for dismissal.

### D. The Remaining Counts Against the Law Enforcement Defendants

The remaining counts against the law enforcement defendants Guy Baker, Geoff Curtis, Sean Manraksa, Blakely, and Kaneff are set forth in Counts 1, 3, 4 and 9.

Count 1 against Baker, Curtis, and Manraksa alleges, in essence, that these individuals – motivated by racial animus – violated Oliver's Fourteenth Amendment right to equal protection of the law by fabricating evidence against him for the purpose of having him criminally prosecuted for promoting prostitution.

Count 3 against all of the referenced defendants alleges these individuals arrested and incarcerated Oliver without probable cause in violation of the Fourth Amendment and state law.

Count 4 against all of the referenced defendants alleges a Fourth Amendment claim of excessive use of force and state law claims of assault and battery committed in the course of Oliver's alleged unlawful arrest.

Count 9 against all of the referenced defendants alleges a Fourteenth Amendment equal protection claim for these individuals' alleged malicious prosecution of Oliver for promoting prostitution.

A section 1983 plaintiff has "the ultimate burden of proving... that [he] had been seized unreasonably in violation of the Fourth Amendment." *Larez v. Holcomb*, 16 F.3d 1513, 1517 (9th Cir. 1994). But the plaintiff can make a prima facie case simply by showing that the arrest was conducted without a valid warrant. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 965 (9th Cir.

2001). If the plaintiff makes that prima facie showing, the burden of production "shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest." *Dubner*, 266 F.3d at 965.

Here Oliver alleges, particularly in Count 3, that he was subjected to a warrantless arrest without probable cause. This allegation serves as the springboard for the remaining claims against the law enforcement defendants. With the liberal construction which must be afforded Oliver's allegations against the law enforcement defendants, the Court cannot say that those claims are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Thus the allegations are sufficient to require a response from law enforcement defendants Baker, Curtis, Manraksa, Blakely, and Kaneff.

## III. Conclusion

Oliver fails to state a plausible section 1983 claim against the Hotel Defendants because none of these private parties were acting under color of state law, or in joint participation with the law enforcement Defendants. Thus, Counts 5 and 7 should be dismissed. And the Court should decline to exercise supplemental jurisdiction over any state law claims Oliver has raised against these Defendants.

Counts 2 and 6 of the Complaint pertaining to the allegedly improper search warrant application should be dismissed because they fail to state a claim upon which relief could be granted to Oliver.

The City of Missoula Police Department should be dismissed because Oliver fails to articulate any claim for relief against that entity.

Law enforcement Defendants Baker, Curtis, Manraksa, Blakely, and Kaneff will be required to respond to the remaining claims in Oliver's Complaint.

Based on the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed.R.Civ.P. 4(d), Defendants Baker, Curtis, Manraksa, Blakely, and Kaneff are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

| Guy Baker, Geoff Curtis, Sean Manraksa, Officer Blakely, and Officer Kaneff<br>Missoula Police Department<br>435 Ryman Street<br>Missoula, MT 59802 | Jim Nugent<br>Missoula City Attorney<br>435 Ryman<br>Missoula, MT 59802 |
|---|---|

*     Complaint (Doc 2);
*     Order to Show Cause (Doc. 14);
*     Response to Show Cause Order (Doc. 15);
*     this Order,
*     a Notice of Lawsuit & Request to Waive Service of Summons; and
*     a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing

party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Oliver <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Oliver shall immediately advise the Court and opposing counsel of any change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

### RECOMMENDATIONS

1. Defendants Jon Bernthal, Kathleen Giffin, Michael Pritchett, Bailey Ramsted, John Doe Corey, International Hotel Group (Staybridge Suites), and the City of Missoula Police Department should be **DISMISSED**.

2. Counts 2, 5, 6, and 7 of the Complaint should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Oliver may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of April, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:

Guy Baker, Geoff Curtis, Sean Manraksa, Officer Blakely, Officer Kaneff
Missoula Police Department
435 Ryman Street
Missoula, MT 59802

Jim Nugent
Missoula City Attorney
435 Ryman
Missoula, MT 59802

 A lawsuit has been commenced by a pro se plaintiff against Guy Baker, Geoff Curtis, Sean Manraksa, Officer Blakely, Officer Kaneff. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-00084-M-DLC-JCL. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

 This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the order requesting the waiver of service of summons served with this Notice.

 If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days after the entry date reflected on the Notice of Electronic Filing of the order requesting the waiver of service of summons served with this Notice.

 If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

_____
Jeremiah C. Lynch
United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>Oliver v. International Hotel Group, et al.</u>, Civil Action No. CV-14-00084--M-DLC-JCL filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint. Defendants agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

The above-named defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. We understand judgments may be entered against the above-named defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____ _____

DATE                             SIGNATURE

                                 _____

                                 PRINTED/TYPED NAME

                                 _____

                                 _____

                                 ADDRESS