THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFTON RAY OLIVER,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL HOTEL GROUP, et al.,<br><br>Defendants. | CV 14-00084-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Clifton Oliver has filed a Supplemental Amended Complaint (Doc. 18) and a "Motion Requesting Court to Add Conspiracy Count to Complaint and Equal Protection Count." (Doc. 24.) Both filings are subject to review pursuant to 28 U.S.C. §§ 1915, 1915A.

**I. Background**

On April 14, 2015, the Court issued an Order and Findings and Recommendations finding that Oliver had failed to state a plausible section 1983 claim against the Hotel Defendants because none of these private parties were acting under color of state law, or in joint participation with the law enforcement Defendants. The Court recommended that Counts 5 and 7 be dismissed. (Doc. 16 at 11.) The Court also recommend the dismissal of Counts 2 and 6 of the

1

Complaint pertaining to the allegedly improper search warrant application for a body wire because Oliver did not have an individual expectation of privacy in any recording obtained from the body wire worn by Curtis. (Doc. 16 at 12.) Those Findings and Recommendations are currently pending before Judge Christensen.

Law enforcement Defendants Baker, Curtis, Manraksa, Blakely, and Kaneff were required to respond to the remaining claims in Oliver's Complaint. (Doc. 16 at 12.)

## II. Supplemental Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings once "as a matter of course" 21 days after serving the complaint or within 21 days after a responsive pleading has been served. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

The Court construes Mr. Oliver's Supplement (Doc. 18) as his amended pleading allowed "as matter of course," therefore he does not need leave to file. With the liberal construction which must be afforded Oliver's allegations against the law enforcement defendants, the Court cannot say that those claims are

frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Thus, the allegations are sufficient to require a response from law enforcement defendants Baker, Curtis, Manraksa, Blakely, and Kaneff.

**III. Motion to Add Conspiracy Count and Equal Protection Count**

As the Supplement (Doc. 18) is considered Oliver's amendment as a matter of course, the additions in Oliver's Motion to Amend (Doc. 24) can only be made with leave of court. Fed.R.Civ.P. 15(a)(2). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). While leave to amend should be freely granted, the United States Supreme Court has also noted times where such an amendment might not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendments, futility of amendment, etc." *Foman*, 371 U.S. at 182; *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003).

Oliver seeks to add a claim alleging that Defendants Baker, Curtis, and Manraksa conspired to unlawfully arrest, incarcerate, and maliciously prosecute

3

him for the purpose of depriving him equal protection of the laws. He alleges Defendants were motivated by racial animus and his past criminal history. (Doc. 24.) These allegations appear to be raised in Oliver's original complaint and have been served upon these Defendants but to the extent Oliver seeks to add a conspiracy claim against the law enforcement defendants, his motion will be granted.

Secondly, Oliver seeks to bring an equal protection claim against the Hotel Employees alleging that Hotel Employees Giffin, Pritchett, Corey, Ramsted, and Bernthal racially profiled him, instigated and participated in the false criminal charges against him, and that he was treated differently from other hotel guests because of his race, ethnicity, because he was from out of town or state, because he paid for his rooms with cash, and because he had a woman companion. (Doc. 24.)

The Court has already considered Oliver's allegations against the Hotel Defendants. As set forth in the prior Order, to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a deprivation of a constitutional right, and (2) that the deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff may establish that a private individual or entity acted under color of state law by showing that the

private party conspired with or engaged in joint action with a state agent. *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

As has been repeatedly stated by the Court, Oliver's factual allegations against the Hotel Defendants amount to nothing more than a description of private individuals making statements to the police. Oliver has presented no new factual allegations against the Hotel Defendants in his Motion to Amend, he has simply attempted to raise different claims against them based upon the same conduct previously alleged. That alleged conduct is insufficient to plausibly assert a conspiracy/joint action claim against these private individuals. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056 (1990) ("merely complaining to the police" or "executi[ng] a sworn complaint which forms the basis of an arrest" does "not convert a private party into a state actor") (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)(to establish a claim of unconstitutional discrimination, the complaint must contain facts plausibly showing that defendants adopted a discriminatory policy because of the plaintiff's race, religion or national origin). Oliver has presented no factual allegations against the Hotel Defendants to "nudge his claim of purposeful discrimination across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (internal quotations omitted). Oliver has failed to allege a plausible federal

5

claim against the Hotel Defendants. The Motion to Amend with regard to the Hotel Defendants should be denied.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Oliver's Motion to Amend (Doc. 24) is GRANTED IN PART with regard to the conspiracy claim against Defendants Baker, Curtis, Manraksa, Blakely, and Kaneff. These Defendants will be required to respond to Oliver's conspiracy claim as alleged in his Motion to Amend and to the Supplement to his Complaint (Doc. 18).

2. No further supplements or amended pleadings will be considered until after a scheduling order has been issued.

3. At all times during the pendency of this action, Oliver must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATION**

Oliver's Motion to Amend (Doc. 24) should be DENIED with regard to the Hotel Defendants.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of May, 2015.

                                                      */s/ Jeremiah C. Lynch*
                                                    Jeremiah C. Lynch
                                                    United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.