IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFTON RAY OLIVER,Plaintiff,vs.INTERNATIONAL HOTEL GROUP, MISSOULA POLICE DEPARTMENT, JOHN L. BERNTHAL, KATHLEEN GIFFIN, BAILEY RAMSTED, JOHN DOE COREY. GUY BAKER, GEOFF CURTIS, OFFICER BLAKELY, OFFICER KANEFF, MICHAEL PRITCHETT, SEAN MANRAKSA,Defendants. | CV 14–84–M–DLC–JCLORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his order, findings, and recommendations in this case on April 14, 2015, recommending that: (1) Counts 2, 5, 6, and 7 be dismissed, and (2) Defendants International Hotel Group, Bernthal, Giffin, Pritchett, Ramsted, and Corey (collectively, "Hotel Defendants"), as well as Defendant Missoula Police Department, be dismissed. Oliver timely filed objections to the findings and recommendations, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of

-1-

the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Furthermore, "[w]here a [plaintiff's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons explained below, the Court adopts Judge Lynch's findings and recommendations in full.

Procedurally, Judge Lynch's findings and recommendations followed a November 14, 2014 order requiring Oliver to show cause as to why the Complaint should not be dismissed for failing to state a claim. Oliver responded to the order on December 18, 2014, and Judge Lynch considered Oliver's response in these April 14, 2015 findings and recommendations.

As to the Hotel Defendants and their potential liability for any of the twelve counts pled in the Complaint, Judge Lynch found that Oliver failed to state any federal claim against them because he failed to establish that they acted under

color of state law, as required by 42 U.S.C. § 1983. Rather, Judge Lynch found that, in the context of Oliver's arrest for promoting prostitution, the Hotel Defendants acted merely as private citizens providing statements to law enforcement, nothing more. Because Oliver failed to state a federal claim against the Hotel Defendants, Judge Lynch recommended declining supplemental jurisdiction as to any state law claims alleged against them. Thus, Judge Lynch recommended dismissing Counts 5 and 7 of the Complaint, alleging negligence and breach of contract, and dismissing the Hotel Defendants altogether.

Judge Lynch also recommended dismissing Counts 2 and 6 of the Complaint against Defendants Baker, Curtis, Blakely, Kaneff, and Manraksa (collectively, "Law Enforcement Defendants"). Counts 2 and 6 pertain to what Oliver contends was an unlawful warrant application, and thus an unlawful warrant, supporting Defendant Curtis' use of an electronic recording and transmitting device. Judge Lynch recommended dismissing these counts because Oliver failed to allege that he was ever recorded by Defendant Curtis, and therefore had no personal Fourth Amendment violation to assert. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Finally, Judge Lynch recommended dismissing the Missoula Police Department from the case because Oliver failed to direct any claims at the department specifically.

Oliver objects to Judge Lynch's findings and recommendations as they relate to Counts 5 and 7, and asserts once again that the Hotel Defendants acted in concert with the Law Enforcement Defendants such that the former's conduct can be attributed to the state. Oliver contends that the Hotel Defendants would not have taken an interest in him absent suggestions by the Law Enforcement Defendants that he was engaged in prostitution. He claims that their pretextual "seizure" of his phone number deprived him of the right to decline providing that number to law enforcement.

The Court is unconvinced that the Hotel Defendants' request for Oliver's phone number was an act so uniquely and closely attributable to criminal investigation as to make it an action of the state. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) ("state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself") (citations and internal quotation marks omitted). Undoubtedly, current contact information is a requested piece of personal information at hotel check-in counters across the country, regardless of any suspicion involving a prospective guest. Moreover, it is entirely plausible that the Hotel Defendants would take a particular interest in Oliver independent of the Law Enforcement Defendants'

investigation, given his frequent visits to the Staybridge Suites, his consistent cash-only payments, and his varying female companions. Oliver's objections do not alter the analysis of Counts 5 and 7, do not cure his failure to state a federal claim against the Hotel Defendants, and do not support the Court exercising supplemental jurisdiction of the state law claims. The Court thus adopts Judge Lynch's findings and recommendations related to Counts 5 and 7.

There being no clear error in the remainder of Judge Lynch's findings and recommendations,

IT IS ORDERED that the findings and recommendations (Doc. 16) are ADOPTED IN FULL. Defendants International Hotel Group, Bernthal, Giffin, Pritchett, Ramsted, Corey, and Missoula Police Department are DISMISSED. Counts 2, 5, 6, and 7 of Plaintiff Oliver's Complaint are DISMISSED.

DATED this 24th day of June, 2015.

Dana L. Christensen, Chief Judge
United States District Court