
FILED
JUN 24 2015
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFTON RAY OLIVER,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL HOTEL GROUP, MISSOULA POLICE DEPARTMENT, JOHN L. BERNTHAL, KATHLEEN GIFFIN, BAILEY RAMSTED, JOHN DOE COREY. GUY BAKER, GEOFF CURTIS, OFFICER BLAKELY, OFFICER KANEFF, MICHAEL PRITCHETT, SEAN MANRAKSA,<br><br>Defendants. | CV 14–84–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his findings and recommendation regarding Plaintiff Clifton Ray Oliver's motion to amend on May 19, 2015. Judge Lynch granted the motion with respect to Oliver's proposed conspiracy claims against Defendants Baker, Curtis, Blakely, Kaneff, and Manraksa (collectively, "Law Enforcement Defendants"), but recommended that the motion be denied with respect to Oliver's proposed equal protection claim against Defendants International Hotel Group, Bernthal, Giffin, Ramsted, Corey,

-1-

and Pritchett (collectively, "Hotel Defendants"). Oliver failed to timely object to the findings and recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Lynch's findings and recommendations in full.

Judge Lynch found, as he did regarding Oliver's other claims against the Hotel Defendants, that the equal protection claim fails because Oliver's factual allegations against the Hotel Defendants describe nothing more than private individuals making statements to the police. As the Court noted in its order adopting Judge Lynch's April 14, 2015 findings and recommendations, it is entirely plausible that the Hotel Defendants suspected Oliver of unlawful activity based on his behavior. Furthermore, neither the Hotel Defendants' suspicions nor the fact they relayed them to the authorities automatically converts each defendant to a state actor within the scope of 42 U.S.C. § 1983. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989). An equal protection claim against these private defendants, for actions consistent with running a hotel, simply does not lie.

There being no clear error in the remainder of Judge Lynch's findings and recommendations,

IT IS ORDERED that the findings and recommendations (Doc. 29) are ADOPTED IN FULL. Oliver's motion to amend (Doc. 24) is DENIED IN PART. Oliver is precluded from asserting an equal protection claim against the Hotel Defendants.

DATED this 24th day of June, 2015.

Dana L. Christensen, Chief Judge
United States District Court