IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| CLIFTON RAY OLIVER, | CV 14–84–M–DLC–JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| GUY BAKER, GEOFF CURTIS, SEAN MANRAKSA, OFFICER BLAKELY, and OFFICER KANEFF, | |
| Defendants. | |

Plaintiff Clifton Ray Oliver filed his complaint in this matter on March 28, 2014. On August 25, 2015, United States Magistrate Judge Jeremiah C. Lynch issued his order, findings, and recommendation as to Oliver's pending motions. (Doc. 55.) Judge Lynch granted Oliver's motions to extend expert deadline (Doc. 53) and to supplement his motion for appointment of counsel (Doc. 47). Judge Lynch denied Oliver's motions to appoint counsel (Doc. 40), to issue subpoena duces tecum (Doc. 44), to transfer/copy exhibits (Doc. 48), and to appoint independent expert (Doc. 54). Additionally, Judge Lynch recommended that this Court deny Oliver's "Motion Requesting the Court to Allow Plaintiff to Add Defendants and Additional Counts." (Doc. 49). Oliver objects to Judge Lynch's

-1-

order but not to his findings and recommendation. Judge Lynch's order is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A). Where there are no objections to findings and recommendations, the court is to give the level of consideration it deems appropriate. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions under a de novo or any other standard, when neither party objects to those findings."). This Court reviews findings and recommendations under a clear error standard when neither party objects. A finding or recommendation will be upheld under this standard unless the Court is left with "a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pens. Trust for S. Cal.*, 508 U.S. 602, 622 (1993). For the reasons listed below, the Court will not reconsider Judge Lynch's order, and it adopts Judge Lynch's findings and recommendation in full.

The Court will recite the factual and procedural background of the case only as necessary to explain its reasoning. All claims stem from Oliver's arrest on February 2, 2012 following an incident at a Missoula hotel. Prosecutors initially charged him with promoting prostitution, but the charge was dismissed when Oliver pled guilty to witness tampering in February 2014. Oliver is currently incarcerated in the Montana State Prison. He proceeds pro se and *in forma*

*pauperis*; his complaint, before this court pursuant to 42 U.S.C. § 1983, alleges violation of his constitutional rights.

Oliver raises two objections to Judge Lynch's order, arguing that Judge Lynch erred in denying his "Motion for the Appointment of Counsel (Motion for Reconsideration" and his "Motion for Issuance of Subpoena Duces Tecum after Briefing Schedule." (Doc. 63.)[1] Defendants have responded to both objections. (Doc. 66.) The Court reviews for clear error. 28 U.S.C. § 636(b)(1)(A). Additionally, the Court reviews for clear error Judge Lynch's unobjected-to recommendation to deny Oliver's "Motion Requesting the Court to Allow Plaintiff to Add Defendants and Additional Counts." 28 U.S.C. § 636(b)(1).

## I. Motion for Appointment of Counsel

Judge Lynch denied Oliver's motion for appointment of counsel, finding that no exceptional circumstances warranted an appointment. (Doc. 55 at 4.) Oliver asked Judge Lynch to reconsider; Defendants opposed. (Docs. 56–58.) Judge Lynch denied Oliver's motion to reconsider. (Doc. 62.) The Court finds no clear error in Judge Lynch's order denying appointment of counsel or in his order

---

[1] In addition to his objections, Oliver filed a motion for reconsideration, to which Defendants responded. Oliver also filed a reply brief following Defendants' response. (Docs. 56–58.) Judge Lynch fully considered the motion and related filings, denying Oliver's motion in part. (Docs. 62.) Because these earlier documents are substantively identical to Oliver's objections, this Order focuses on the arguments as stated in the objections. (Doc. 63.)

denying reconsideration.

Here, no "exceptional circumstances" weigh in favor of appointing counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). First, Oliver's objections do not show a "likelihood of success on the merits." *Id.* (citations omitted). Oliver was arrested on a valid warrant, and the facts known to officers and prosecutors were likely sufficient for each to support their actions. Second, Oliver has thus far demonstrated a remarkable ability "to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citations omitted). In fact, Oliver has filed fifteen documents since Judge Lynch entered his order, findings, and recommendation. (Docs. 56, 58, 63, 64, 67, 71–76, 82–85.) Oliver frequently cites to authority, and he is able to clearly communicate his arguments and his demands.

## II. Motion for Subpoena

Oliver sought a subpoena duces tecum for Google, Inc. requesting records for his e-mail account, Googlevoice.com account numbers 406-203-4650, 541-510-7319, 818-850-2802 and routing number 202-709-3512 from January 20, 2012 through February 4, 2012, Googlevoice account user manuals, and country and time zone where the Googlevoice call records are being stored. (Doc. 44.) Judge Lynch denied Oliver's motion for subpoena finding that the only possible

relevant information from Google would be the original text message string at issue in the case and that information had been deleted from Google's servers. (Doc. 55 at 16–17.) Oliver then filed a motion for reconsideration over Defendants' opposition. (Docs. 56–58.) Judge Lynch denied Oliver's motion, and Oliver objects. (Doc. 62, 63.)

Oliver has now shown that the information requested in state court was for his Googlevoice number 818-850-2802 but that his text messages were saved to his e-mail account linked to that Googlevoice account. Judge Lynch has now authorized service of a subpoena for Oliver's e-mail account.[2] As such Oliver's objections on this issue are moot. The Court finds no clear error in Judge Lynch's order denying Oliver's other requests for subpoenas.

## III. Motion to Amend the Complaint

Judge Lynch recommended the Court deny Oliver's motion to add defendants and additional counts. (Doc. 49.) Because Oliver does not object to Judge Lynch's determination, the Court reviews for clear error. 28 U.S.C. § 636(b)(1). Judge Lynch did not clearly err in denying Oliver's motion to amend.

---

[2] In their response brief, Defendants write that Oliver also objects to Judge Lynch's denial of Oliver's motion for subpoena duces tecum of his criminal defense files. (Doc. 66 at 7.) Because Judge Lynch granted Oliver's motion for reconsideration on this issue, the Court does not consider Oliver's argument.

The Court denies leave to amend because Oliver's proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Oliver seeks to add a claim against the City of Missoula under *Monell v. Department of Social Services of the City of New York*. 436 U.S. 6587, 694 (1978). Oliver asserts that his arrest and prosecution demonstrate City customs, policies, or practices leading to or resulting in constitutional violation. Assuming for the sake of argument that Oliver's constitutional rights were violated by his arrest or prosecution, Oliver can only speculate that the violation connects to City customs, policies, or practices. Oliver has presented no facts suggesting a plausible right to relief from the City. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Oliver may not amend his complaint.

There being no clear error in the remainder of Judge Lynch's order, findings, and recommendation,

IT IS ORDERED that Judge Lynch's findings and recommendation (Doc. 55) are ADOPTED IN FULL. Oliver's "Motion Requesting the Court to Allow Plaintiff to Add Defendants and Additional Counts" (Doc. 49) is DENIED.

DATED this 18th day of December, 2015.

Dana L. Christensen, Chief Judge
United States District Court